IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51602

| | |
|---|---|
| In the Matter of Jane Doe I, John Doe I, and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) |
| Petitioner-Respondent, | ) ) ) ) |
| v. | ) ) ) |
| JANE DOE (2024-10), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: August 19, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Clayne S. Zollinger, Jr., Burley, for appellant. Clayne S. Zollinger, Jr., argued.

Hon. Raúl R. Labrador, Attorney General; Briana Allen, Deputy Attorney General, Lewiston, for respondent. Briana Allen argued.

---

LORELLO, Judge

Jane Doe (2024-10) appeals from the judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the three minor children in this action. The Idaho Department of Health and Welfare first filed a petition on November 19, 2021, which included a fourth child who was placed in foster care on November 22, 2021. The three younger children involved in this case were left in the home at that time. In January 2022, the magistrate court approved a case plan

1

following a hearing at which both parents were present. In May 2022, the magistrate court ordered the three younger children removed from the home and placed them in the custody of the Department. The magistrate court approved an amended case plan and conducted several review and status hearings while the children were in the Department's custody. Ultimately, a petition to terminate parental rights was filed, and a termination hearing was held in December 2023. The magistrate court terminated Doe's parental rights after finding that clear and convincing evidence showed she had neglected her children and that termination is in the children's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.*

Constitutional questions are questions of law over which this Court exercises free review. *Idaho Dep't of Health & Welfare v. Doe (2010-28)*, 150 Idaho 563, 566, 249 P.3d 362, 365 (2011).

## III.

## ANALYSIS

Doe contends that the petition for termination was insufficient as it failed to allege neglect under I.C. § 16-1602(31) and, as a result, the magistrate court erroneously based its termination

---

[1]    The magistrate court also terminated the father's parental rights. The decision to terminate the father's parental rights is at issue in a separate appeal. It is, however, apparent that Doe copied and pasted her arguments from the brief filed in the termination appeal related to father. While copying and pasting legal arguments on related issues is acceptable, the opportunity to do so does not excuse counsel from making sure the arguments are modified to apply to the client that counsel represents. There are several instances in which counsel for Doe has included arguments, case plan tasks and findings specific to the father, not Doe. Because any such arguments do not apply to Doe, they have been disregarded.

decision on that code section.[2]  Doe also contends that there is insufficient evidence in the record to support the magistrate court's termination decision for two reasons:  (1) there was insufficient evidence that she had notice of the case plan tasks which she was to complete; and (2) there was insufficient evidence that she neglected the children.[3]  Finally, Doe contends that I.C. § 16-2002(3)(b) is unconstitutional as-applied to the facts of this case.  For the reasons set forth below, we reject all of Doe's arguments and affirm the magistrate court's termination decision.

## A.     Sufficiency of Petition

We first address Doe's argument that the petition was insufficient to provide notice as to the legal grounds for termination.  Doe contends that the magistrate court erred in finding that she engaged in neglect as defined by I.C. § 16-1602(31) because the "petition never specifically alleges neglect" as defined in that code section.  The record does not support Doe's claim.

Idaho Code Section 16-2006 provides that a "petition for the termination of the parent and child relationship shall include, to the best information and belief of the petitioner" the "grounds on which termination of the parent and child relationship is sought."  I.C. § 16-2006h.  In termination proceedings, it is not necessary to allege precisely which of the six subsections of I.C. § 16-2005 under which the Department is proceeding; rather, a simple and concise statement of facts is all that is necessary.  *Doe v. Doe (2020-49)*, 169 Idaho 170, 178, 492 P.3d 1129, 1137 (2021).  The petition for termination in this case alleges, in relevant part:

> [Doe] never believed . . . allegations of domestic abuse [as to her oldest daughter] . . . [and] was also not addressing counseling and medical issues for that child.  The younger children were ordered into custody on May 12, 2022, where they have remained because of the alleged abuse and neglect. . . .

---

[2]  We note that, while Doe cites to the record in her statement of the case, there are few citations to the record in the argument section of Doe's brief. This does not comply with I.A.R. 35(a).  Citations to the record are not required in the statement of the case, I.A.R. 35(a)(3), but are required in the argument section of the brief, I.A.R. 35(a)(6).  Although many of the facts posited in Doe's argument section are similar to facts in her statement of the case, this is not true of all the facts asserted in the argument section of her brief. Thus, even if we considered the citations in Doe's statement of the case, some of her factual assertions in her argument section lack supporting citations to the record. It is not this Court's obligation to search the record on appeal for error.  *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010).

[3]  Doe does not present any argument that termination is not in the children's best interests.

After custody was granted to the Department, a case plan was designed by the said Department to reunite the parents with the child and that case plan was ordered by the Court. The neglect by [Doe], however, has continued by her failure to complete the case plan and [she] has not cooperated in getting required services so that she can protected [sic] the children and accept that the abuse by the father did occur . . . . [Doe] was to maintain her mental health treatment and complete a nurturing parenting class. She was to provide a safe, stable home environment. She was to engage in family counseling and follow the recommendations and demonstrate appropriate interactions and bonding at visits with the children. She was to provide financially for the family and address [the older child's] medical and mental health needs. [Doe] has not completed her case plan.

These factual allegations were sufficient to put Doe on notice of the grounds for termination. That the factual allegations recite the requirements of the case plan does not limit the petition to alleging termination based only on the failure to comply with the case plan pursuant to I.C. § 16-2002(3)(b). Moreover, Doe's failures vis-à-vis the case plan requirements demonstrate neglect as defined by I.C. § 16-1602(31) because they demonstrate Doe's children were without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being. The factual allegations in the termination petition were sufficient to put Doe on notice that her parental rights were subject to termination based on neglect as defined in I.C. § 16-2002(3)(a) and or (b). Importantly, from a due process perspective, Doe has failed to allege, much less establish, that she did not have notice of the grounds on which the Department sought termination such that she was unable to prepare for trial.

Doe also argues the termination petition was inadequate because "nowhere does it state that [she] failed to provide proper care and control while the children were in *her* custody, as opposed to in the State's custody." This argument is without merit. Doe's children were in the Department's custody *because of* her conduct, and she failed to address the concerns that resulted in the children's removal from her home. Doe's argument that the termination petition was inadequate based on her after-the-fact claim of inadequate notice is disingenuous at best. Doe's claim that neglect was not adequately pled in the termination petition fails.

## B.     Sufficiency of Evidence

Doe contends there is insufficient evidence in the record to support the magistrate court's termination decision because, she argues, there was a lack of evidence that she had notice of the

4

case plan tasks she was required to complete and there was insufficient evidence that she neglected her children. Doe is incorrect.

The magistrate court terminated Doe's parental rights based on a finding of neglect due to: (1) the children being "without proper parental care and control, or subsistence . . . necessary for the children's well-being because of the conduct or omission," and (2) Doe's failure to comply with the case plan. The magistrate court further found that, for a period of "well over two years," Doe failed to comply with her case plan in "central and important ways" and that the children had been in the Department's custody for more than fifteen of the most recent twenty-two months.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of five enumerated bases exist, which include neglect or abuse. I.C. § 16-2005(1)(b). Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the trial court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). The grounds for terminating a parent-child relationship must be proved by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).

### 1.     Evidence of knowledge of case plan

Doe first argues the evidence was insufficient to support the magistrate court's termination decision because there was no evidence that she had knowledge of the case plan, which she asserts is an implied element of I.C. § 16-2002(3)(b). According to Doe, because the case plan admitted into evidence at the termination trial lacked a file stamp and was not signed by her and because no order adopting the case plan was admitted, there was insufficient evidence to prove that she was

5

aware of her obligations under the case plan. Doe's argument that there was no evidence that she had knowledge of the case plan is specious.

When a child is placed in the Department's custody, the Department must prepare a case plan that must "set forth reasonable efforts that will be made to make it possible for the child to return home." I.C. § 16-1621(3). The case plan must be filed with the trial court and copies of the case plan must be delivered to the parents. I.C. § 16-1621(1). The case plan must be approved by the trial court and, after approval, the plan is entered as a court order that includes a requirement that reasonable efforts be made to reunify in a timely manner in accordance with the case plan. I.C. § 16-1621(6). The case plan is then subject to review every six months. I.C. § 16-1622(1).

All three versions of the case plan that existed throughout the child protection case were admitted at the termination trial. In addition, there was testimony as to the circumstances surrounding each case plan and the reasons for the amendments to the case plan. The provisions of the case plan and Doe's performance on the case plan tasks were discussed in detail throughout the trial. That the actual case plans admitted at trial were not file stamped or signed by Doe does not mean she did not have notice of the case plan or its associated tasks. Doe has cited no authority to support the proposition that file stamps or signatures are required to demonstrate either validity of the plan or any notice requirement. We do not generally address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health and Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018); *see also Idaho Dep't of Health & Welfare v. Doe (2015-10)*, 158 Idaho 764, 768-69, 351 P.3d 1222, 1226-27 (2015) (declining to consider parent's argument "that he 'substantially complied' with the case plan" because the parent failed to provide legal authority). Moreover, Doe did not object to the admission of the case plans at trial. As such, any challenge to the admission of the case plans at the termination trial, including any objection based on relevance or foundation, is unpreserved. *Doe v. Doe*, 149 Idaho 392, 398, 234 P.3d 716, 722 (2010) (explaining appellate court does not consider claims of error raised for the first time on appeal). Doe's claim that there was insufficient evidence that she was aware of her obligations under the case plan is without merit. Doe's claim of lack of notice is also inconsistent with her acknowledgment, discussed below, that she did not complete all of her case plan tasks.

6

## 2.     Evidence of neglect

Doe also argues that there was insufficient evidence to support the magistrate court's finding of neglect.  Regarding Doe's failure to comply with the case plan as a basis for neglect, she argues "the standard is failure to comply, not failure to complete."  Doe contends that she either attempted to comply or did comply with her case plan tasks.  Doe cites no legal authority to support her position that, under I.C. § 16-2002(3)(b), attempted or occasional compliance without completion of a case plan prevents a finding of neglect.[4]  As noted, this Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights.  *See Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247.  To the extent Doe thought there was a lack of clarity in relation to the case plan, she was required to raise those claims in the child protection case.  *See Idaho Dep't of Health & Welfare v. Doe (2019-31)*, 166 Idaho 357, 360-61, 458 P.3d 226, 229-30 (Ct. App. 2020).

As to the evidence presented with respect to Doe's failures relative to her case plan tasks, there was sufficient evidence to support the magistrate court's finding of neglect on that basis.  In particular, the evidence supports the magistrate court's conclusions that Doe:  (1) failed to demonstrate an ability to nurture and protect her children in relation to the children's stepfather/father; (2) failed to provide proof that she managed her bipolar disorder; (3) failed to re-engage in counseling after her provider left the area; (4) was deficient in allowing and facilitating home visits with the children; and (5) failed to provide adequate financial support for the children.  To the extent Doe is asking this Court to reweigh the evidence and/or re-evaluate her credibility with respect to her efforts towards or understanding of her case plan tasks, this Court declines to do so.  It is well-established that appellate courts do not reweigh evidence or make credibility determinations.  *See Idaho Dep't of Health & Welfare v. Doe (2019-27)*, 166 Idaho 197, 200, 457 P.3d 849, 852 (2020) (explaining appellate court will not make credibility determinations); *Doe*, 148 Idaho at 246, 220 P.3d at 1065 (explaining appellate court will not reweigh evidence).

---

[4]      Doe does not contest the magistrate court's finding that the Department had temporary or legal custody of the children for fifteen of the most recent twenty-two months preceding the termination and that reunification had not occurred.

7

Doe also argues that there was insufficient evidence of neglect under I.C. § 16-1602(31)(a). Because we conclude there was sufficient evidence of neglect based on Doe's failure to comply with the case plan under I.C. § 16-2002(3)(b), which is an independent and sufficient ground for termination, we need not address Doe's argument that there was also insufficient evidence of neglect as defined by I.C. § 16-1602(31)(a).

## C. As-Applied Constitutional Challenge

Doe contends that I.C. § 16-2002(3)(b) is "unconstitutional as applied to the facts in this particular case and thus the minor case plan violations cannot be utilized as a basis for termination." Doe's constitutional challenge is without merit.

To succeed on an "as-applied" challenge, a party must demonstrate that the statute operated to violate his or her rights under the specific circumstances of the case. *Doe I v. Doe II (2022-06)*, 170 Idaho 901, 909, 517 P.3d 830, 838 (2022). Doe appears to contend that I.C. § 16-2002(3)(b) is unconstitutional as applied because her failure to complete her case plan tasks did not establish "unfitness." And, according to Doe, "unfitness" is a constitutional prerequisite to termination of parental rights. Doe cites *Santosky* in support of this argument.

The issue before the Supreme Court in *Santosky* was what standard of proof was required before a parent's rights could be terminated. *Santosky*, U.S. at 749-51. The New York statute on review permitted termination by only a preponderance of the evidence. The Court held a preponderance standard is constitutionally insufficient and that a clear and convincing standard "adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." *Id.* at 769. In determining the proper standard, the Court used the word "unfit" to generally describe what occurs in a termination of parental rights case. For example, the Court's first reference to "unfitness" was the following: "Victory by the State not only makes termination of parental rights possible; it entails a judicial determination that the natural parents are unfit to raise their own children." *Id.* at 760. This statement is accompanied by a footnote that the Court in that case "expressly refused to terminate petitioners' parental rights on a 'non-statutory, no-fault basis' and that it was unclear whether the state "constitutionally could terminate a parent's rights without showing parental unfitness." *Id.* at 760 n.10. The Court's footnote in *Santosky* does not impose a constitutional standard, much less define what that standard might be. Even so, "unfitness" is required in order to terminate a parent's rights in Idaho as

8

reflected in the statutory criteria set forth in I.C. § 16-2005, which includes neglect. Nevertheless, Doe seems to suggest that "neglect" can only be defined according to its plain language, and cannot include neglect as defined in I.C. § 16-2002(3)(b)--the failure to comply with the court's orders and the case plan in the child protection case while the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished within that time. Doe cites no authority for this proposition. That Doe does not think neglect should be defined in this way does not make it so. Doe's conclusory assertions unsupported by any cogent argument are both unpersuasive and insufficient for appellate review. Doe's as-applied challenge to I.C. § 16-2002(3)(b) fails.

## IV.

## CONCLUSION

Doe has failed to show the allegations in the termination petition were insufficient. Doe has also failed to show there was insufficient evidence to support the magistrate court's determination that she neglected her children as defined by I.C. § 16-2002(3)(b). As such, we need not address whether there was also sufficient evidence of neglect as defined by I.C. § 16-1602(31)(a). Finally, Doe's as-applied challenge to I.C. § 16-2002(3)(b) fails. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.